IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTURO PACHECO, | § | |
| Movant, | § § § | |
| V. | § § | No. 3:16-cv-1911-G-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Arturo Pacheco, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This resulting civil action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should deny the Section 2255 motion.

**Applicable Background**

"Pacheco was convicted of being a felon in possession of a firearm and possessing cocaine with intent to distribute in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 21 U.S.C. § 841(a)(1), (b)(1)(c)." *United States v. Pacheco*, 609 F. App'x 276, 277 (5th Cir. 2015) (per curiam); *see United States v. Pacheco*, No. 3:13-cr-157-G (01) (N.D. Tex.). The United States Court of Appeals for the Fifth Circuit affirmed both convictions and

Pacheco's associated "97-month, within-guidelines sentence." *Pacheco*, 609 F. App'x at 277 (rejecting Pacheco's argument that this Court erred by enhancing his sentence by four levels under U.S.S.G. § 2K2.1(b)(1)(B) and by two levels under U.S.S.G. § 2K2.1(b)(4)(A) based on firearms seized at his residence). And, prior to the filing of this action, the Court denied Pacheco's 18 U.S.C. § 3582(c)(2) motion based on the 2014 retroactive amendments to the sentencing guidelines. *See United States v. Pacheco*, No. 3:13-cr-157-P (01), 2015 WL 11109257 (N.D. Tex. Sept. 4, 2015), *appealed dismissed as frivolous*, 670 F. App'x 290 (5th Cir. 2016) (per curiam).

Through his timely-filed Section 2255 motion, Pacheco asserts, in substantive whole, that his "conviction for possessing [a] firearm is [u]nconstitutional" because it "does not qualify as a crime of violence under the rule established in *Johnson*." Dkt. No. 2 at 4. The government has filed a response in opposition to the motion, *see* Dkt. No. 4, Pacheco has failed to file a reply brief, and the deadline by which to do so has expired.

**Legal Standards and Analysis**

As his motion somewhat implies, the base-offense level for Pacheco's guideline sentence, which was based on his firearm conviction, *see* U.S.S.G. §§ 3D1.1, 3D1.2, & 3D1.3, was determined to be a 22 because, in part, Pacheco possessed a firearm "subsequent to sustaining one felony conviction of ... a crime of violence," U.S.S.G. § 2K2.1(a)(3), that "crime of violence" being a 2003 conviction for assault with a firearm in California. Section 2K2.1, the guideline provision applicable to Section 922(g)(1) offenses, incorporates the "crime of violence" definition from U.S.S.G. § 4B1.2. *See*

U.S.S.G. § 2K2.1, cmt. n.1 (definitions).

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),]* in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But Pacheco clearly advocates for an extension of *Johnson* beyond the ACCA, to the advisory sentencing guidelines. And, while "it follows that an offense that is a violent felony under the ACCA is a crime of violence under § 2K2.1," *United States v. Martin*, 564 F.3d 1281, 1283 (11th Cir. 2017); *see also United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per curiam) (observing that "precedent regarding ACCA's definition of a violent felony is directly applicable to the Guidelines definition of a crime of violence"), an extension of *Johnson* to the advisory guidelines has been foreclosed by the Supreme Court, because, "[u]nlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause," *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886,

892 (2017) (concluding, equally applicable here, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness"); *cf. United States v. Kriegbaum*, ___ F. App'x ___, No. 16-51196, 2017 WL 3084410, at *1 (5th Cir. July 19, 2017) (per curiam) (where a defendant appealed, "arguing that the district court incorrectly calculated his base offense level under U.S.S.G. § 2K2.1 because his Texas robbery conviction is not a crime of violence," holding that "*Beckles* forecloses [that] argument" and, "[a]ccordingly," granting the "motion for summary affirmance").

This *Johnson*-based claim should therefore be denied.

**Recommendation**

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 26, 2017

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE